

Villanova University School of Law

Villanova University School of Law Digital Repository

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-2005

# Oroh v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2918

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Oroh v. Atty Gen USA" (2005). *2005 Decisions.* Paper 988.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/988

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**


IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 04-2918
_____



MEIKE OROH,
*Petitioner*



v.



ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA


_____


On Petition for Review of Order of the
Board of Immigration Appeals
(Board No.  A79-318-046)
_____


Submitted Under Third Circuit LAR 34.1(a)
June 7, 2005

Before:  FUENTES, VAN ANTWERPEN and BECKER, *Circuit Judges*

(Filed June 20, 2005)


_____

OPINION OF THE COURT
_____

BECKER, *Circuit Judge.*

Meike Oroh and her husband Herny Tuju, natives and citizens of Indonesia, are a married couple seeking asylum and withholding of removal because they claim they will be persecuted because of their perceived Chinese ethnicity and their Christian religion. Their children are still residing in Indonesia with Meike Oroh's parents.

Meike Oroh claimed that the convenience store in which she worked almost went into bankruptcy because people would often threaten her and the other employees, would steal things, and would harass her and her children. The perpetrators were not identified except that they were Indonesian Muslims. Oroh also claimed that she was almost raped in the store in 1996 when five individuals robbed items from her store and then attempted to rape her after she told them they would have to pay for the items. She states that after she screamed, the individuals ran off. Oroh testified that she reported the attempted rape and the robberies to the police but that the police did not take action.

The Immigration Judge ("IJ") found that Mieke Oroh was not credible, citing inconsistencies and contradictions in her story. In particular, the IJ found that Oroh and Tuju gave conflicting testimony regarding the convenience store business and the reasons for its failure as well as about Mieke Oroh's role in the business. Moreover, the IJ noted that in her asylum application, Mieke Oroh stated only that "they tried to rape me," but then provided highly specific details of the incident in her testimony. Finally, the IJ found Mieke Oroh's story uncorroborated in several material respects, including

2

lack of evidence that they ran a store, of the police reports, or of other aspects of her story.

While it seems likely that the credibility determination would survive substantial evidence review, we need not reach that question, for,  even if Mieke Oroh's story were credible, it does not appear that she has alleged a viable asylum claim.  First, the incidents in question were perpetrated by unknown civilians, not by government officials.  *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 592 (3d Cir. 2003) (violence or other harm perpetrated by civilians against the petitioner's group does not constitute persecution unless such acts are "committed by the government or forces the government is either 'unable or unwilling' to control.").  Second, only the attempted rape appears to rise to the seriousness required for persecution, and there is no allegation that it was anything other than a one-time incident.  *See Lie v. Ashcroft*, 396 F.3d 530, 535 (3d Cir. 2005) ("[T]wo isolated criminal acts, perpetrated by unknown assailants, which resulted only in the theft of some personal property and a minor injury, is not sufficiently severe to be considered persecution.").  Third, there is no evidence that these incidents were committed "on account of" her Chinese ethnicity or Christian religion.  *Id.* at 535 (holding that "'a single ethnic slur' was insufficient to establish that the thieves were motivated by Lie's or her husband's ethnicity" in robbing their store).  We also note that Oroh presented no evidence about conditions in Langowan where she lived.

The petition for review will be denied.